UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SANDERS, #143350,

                Petitioner,

                                        CASE NO. 2:11-CV-11943
v.                                      HONORABLE SEAN F. COX

STEVE RIVARD,

                Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.**      **Introduction**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Richard

Sanders ("Petitioner") was convicted of first-degree murder, conspiracy to commit murder, and two

counts of possession of a firearm during the commission of a felony following a jury trial in the

Recorder's Court for the City of Detroit in 1986. He was sentenced to life imprisonment on the

murder and conspiracy convictions and two years imprisonment on the felony firearm convictions.

In his pleadings, Petitioner asserts that his convictions and sentences are unlawful "because of

violations of his Second Amendment right to assemble and bear arms for the purpose of self-defense

guaranteed by the due process clause of the Fourteenth Amendment to the Constitution of the United

States." For the reasons set forth, the Court dismisses without prejudice the petition. The Court also

denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.**      **Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the prisoner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. He admits that he has not presented his habeas claims to the Michigan courts. However, he contends that the exhaustion requirement should be excused because such efforts would be futile. He states that he has previously filed two motions for relief from judgment in the state courts (in 2003 and 2007) and will likely be precluded from filing another one under the Michigan Court Rules. Typically, a Michigan prisoner can file only one motion for relief from judgment challenging a criminal conviction. *See* Mich. Ct. R. 6.502(G)(1). A Michigan prisoner, however, may file a second or subsequent motion based upon newly-discovered evidence or a retroactive change in the

law.  *See* Mich. Ct. R. 6.502(G)(2); *see also Banks v. Jackson*, 149 F. App'x 414, 418 (6th Cir. 2005).

Petitioner asserts that his habeas claims are based upon *McDonald v. City of Chicago, Ill.*, _ U.S. _, 130 S. Ct. 3020 (2010), and argues that the decision should be retroactively applied to his case.  Consequently, there is some chance that the Michigan courts will allow him to proceed on a second motion for relief from judgment.  *See Banks*, 149 F. App'x at 419-20.  Therefore, Petitioner has additional remedies in the state courts which may not be futile and which must be exhausted before seeking federal habeas relief.

Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d).  If this Court were to review the claims presented, such an action would deny the state courts the deference to which they are entitled.  The state courts must first be given a fair opportunity to rule upon Petitioner's claims.  Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

**III.    Conclusion**

For the reasons stated, the Court concludes that Petitioner has not properly exhausted his state court remedies.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

The Court further **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.


Dated:  May 12, 2011                                S/ Sean F. Cox
                                                    Sean F. Cox
                                                    U. S. District Court Judge


I hereby certify that on May 12, 2011, the foregoing document was served upon counsel of record by electronic means and upon Richard Sanders by First Class Mail at the address below:

Richard Sanders  #143350
St. Louis Correctional Facility
8585 N. Croswell Road
St. Louis, MI 48880

Dated:  May 12, 2011                                S/ J. Hernandez
                                                    Case Manager